Harold J. Crawford, J.
This article 78 proceeding had been brought by a group of tenants to review an order of the State Rent Administrator, issued on November 18,1960, which granted the landlord a building-wide rent increase under the net annual return provisions of the Rent Control Law.
Five apartment houses in Jamaica, New York, were sold by Realty Equities Corporation to four individuals, as tenants in common. The purchase price was $968,000 and the equalized assessed valuation was $705,882.35. At the closing of title on May 15, 1959, Realty Equities Corporation deeded the property to one Tillie Feldman, who executed a mortgage bond for $236,-000. Tillie Feldman then deeded the property to the real parties in interest, the four afore-mentioned tenants in common. In August, 1959, the four owners applied for a building-wide rent increase under subdivision 5 of section 33 of the State Rent and Eviction Regulations. After a lengthy hearing, two physical *992 inspections — which disclosed that essential services were being adequately maintained — and a comprehensive audit of the landlord’s income and expense schedule, the commission determined that the landlord was entitled to an annual rent increase of $16,907.88. This rent adjustment was based upon the 1959 purchase price of the premises in the sum of $968,000.
Petitioner contends that there has not been a bona fide sale of the property in question and that, as a result thereof, the rent increase allowed should not have been predicated upon the purchase price. Petitioner points to the fact that the sale was not made directly to the present landlord, but rather through a dummy.
The court finds petitioner’s objection without merit and agrees with the Administrator, who noted in the order under review “ that the use of the dummy for the conveyance of real estate is a common practice in the current real estate market, and does not in itself indicate any unusual circumstances materially affecting the purchase price.” It is to be noted that although Tillie Feldman was paid $25 for her services, the purchase price did not increase by the subsequent conveyance. There is nothing in the record to indicate that the transaction was not at arm’s length.
Petitioner further maintains that the Administrator has been arbitrary when, in denying the petition of protest, the question of assessed valuation was not taken into consideration. This contention is likewise without merit since the Rent Control Law mandates the use of the sales price as the value base where, as here, the sale is bona fide. (Matter of Realty Agency v. Weaver, 7 N Y 2d 249, 252.)
Since the order under review finds ample support in the record, it cannot be said that the respondent has acted in an arbitrary and capricious manner. Accordingly, the petition is dismissed on the merits, without costs, and the order under review is in all respects confirmed.